UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SCHULTZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN; SAN JOAQUIN COUNTY SHERIFF STEVE MOORE; DEPUTY SHERIFFS AYERS, BALLARD, BINGHAM, GRAHAM, GRUBB, HERRERO, HOSKINS, JOHNSON, KISSELL, MORENO, MORTENSEN, PADILLA, REYES, RUST, WESTON, WHELEN;DOES 1–50; UNIVERSAL PROTECTION SERVICE; UNIVERSAL PROTECTION SERVICE'S AGENTS AND EMPLOYEES NORMA AHUILAR, MATTHEW MORENO, GREG LATIMER; and DOES 51–100,<br><br>　　　　　Defendants. | No. 2:19-cv-02468-TLN-KJN<br><br>**ORDER** |

///

///

///

///

This matter is before the Court on Defendants County of San Joaquin[1] (the "County"), San Joaquin County Sheriff Steve Moore ("Moore"), and Deputy Sheriffs Ayers, Ballard, Bingham, Graham, Grubb, Herrero, Hoskins, Johnson, Kissell, Moreno, Mortensen, Padilla, Reyes, Rust, Weston, and Whelen's ("Deputies") (collectively, "County Defendants") Motion to Dismiss. (ECF No. 5.) Plaintiff filed an opposition. (ECF No. 7.) County Defendants filed a reply. (ECF No. 9.) Also pending before the Court is Defendant Universal Protection Service, LP's[2] ("Universal") Motion to Dismiss. (ECF No. 14.) The motion has been fully briefed. (ECF Nos. 16, 17.) For the reasons set forth below, the Court GRANTS County Defendants' Motion to Dismiss and DENIES as moot Universal's Motion to Dismiss.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The instant action arises from an incident that occurred between Plaintiff and Defendants when Plaintiff was going through security to enter the San Joaquin County Courthouse. (*See* ECF No. 1.) On October 13, 2016, Plaintiff entered the San Joaquin County Courthouse in preparation to represent a client. (ECF No. 1 at 7.) Plaintiff alleges he "displayed his current State Bar card and peaceably passed through the metal detector[] without setting it off," but the security guards claimed Plaintiff failed to pass through the metal detector successfully. (*Id.* at 7–8.) Plaintiff's failure to pass through the metal detector was broadcast throughout the courthouse, causing the Sheriff's Department to become involved. (*Id.* at 8.) As a result, Plaintiff alleges several deputies "in a combined assault on his person, physically herded him into the elevator, glared at him with malice and hostility, and followed him out of the elevator where he was encountered by even more deputies." (*Id.*) Plaintiff alleges several deputies assaulted and then forcibly arrested him, and he was subsequently searched and held in a holding cell for more than five hours. (*Id.* at 8–9.) Plaintiff was then cited for violation of California Penal Code § 148(a) and released. (*Id.* at

---

[1] The County notes in its motion it has been erroneously named as San Joaquin County Sheriff's Department and that its correct name is County of San Joaquin. (ECF No. 5 at 2.) The Clerk of the Court is directed to make all changes to the docket as necessary.

[2] Universal notes in its motion that it has been erroneously named as Universal Protection Services and that its correct name is Universal Protection Service, LP. (ECF No. 14 at 1.) The Clerk of the Court is directed to make all changes to the docket as necessary.

14.) The District Attorney also charged Plaintiff for violation of California Penal Code § 602(y) and four counts of violating California Penal Code § 148(a). (*Id.*) Plaintiff eventually obtained security camera footage which showed the metal detector had not gone off on his entrance to the courthouse, and he "obtained a favorable outcome to the criminal charges." (*Id.*)

On January 16, 2019, Plaintiff filed a first amended complaint ("FAC") in San Joaquin County Superior Court against Defendants alleging federal constitutional violations and state law claims as follows: (1) false arrest; (2) arrest without warrant and unlawful seizure in violation of 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1; (3) denial of bail in violation of 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1; (4) malicious prosecution; (5) deprivation of the right to a fair trial in violation of 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1; (6) assault; and (7) battery. (*Id.* at 15–21.) On December 10, 2019, County Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441. (*Id.* at 1–3.) On December 30, 2019, County Defendants filed the instant motion to dismiss Plaintiff's FAC. (ECF No. 5.) On January 17, 2020, County Defendants amended their memorandum of points and authorities in support of their motion to dismiss.[3] (ECF No. 6.) On February 7, 2020, Plaintiff filed an opposition. (ECF No. 7.) On February 14, 2020, County Defendants filed a reply. (ECF No. 9.)

**II.     STANDARD OF LAW**

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal

---

[3]     From here on, the Court will reference Defendants' amended memorandum of points and authorities in support of their motion to dismiss (ECF No. 6) rather than the first filed memorandum of points and authorities in support of their motion to dismiss (ECF No. 5).

1  discovery rules and summary judgment motions to define disputed facts and issues and to dispose
2  of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

3  On a motion to dismiss, the factual allegations of the complaint must be accepted as true.
4  *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every
5  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*
6  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege
7  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to
8  relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

9  Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
10 factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
11 While Rule 8(a) does not require detailed factual allegations, "it demands more than an
12 unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A
13 pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
14 elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
15 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
16 statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences
17 are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355
18 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the
19 plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
20 in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
21 *Council of Carpenters*, 459 U.S. 519, 526 (1983).

22 Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
23 facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim
24 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
25 reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
26 680. While the plausibility requirement is not akin to a probability requirement, it demands more
27 than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility
28 inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### III.  ANALYSIS

County Defendants move to dismiss the FAC in its entirety. (ECF No. 6 at 7.) County Defendants argue the FAC contains only general allegations made collectively against all Defendants, which fails to satisfy the notice requirements of Rule 8(a)(2). (*Id.*) Further, County Defendants argue the claims individually fail. (*Id.*) As will be discussed, the Court agrees the FAC should be dismissed in its entirety pursuant to Rule 8.

Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'" *See McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* at 1178. Even if the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id.* Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 1179. Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad,

and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

Shotgun pleading occurs when: (1) one party pleads that multiple parties did an act, without identifying which party did what specifically; or (2) when one party pleads multiple claims and does not identify which specific facts are allocated to which claim. *Hughey v. Camacho*, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (citing *In re Mortgages Ltd.*, No. 2:08-bk-07465-RJH, 2013 WL 1336830, at *12 (Bankr. D. Ariz. March 29, 2013); *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). The FAC in the instant case does the first. More specifically, the FAC includes 50 paragraphs of factual allegations that describe a wide variety of conduct by different individuals from different agencies and companies. (ECF No. 1 at 5–14.) These allegations are later incorporated by reference within three federal causes of action and eight state causes of action which are asserted against multiple Defendants collectively. (*Id.* at 15–21.) This lack of clarity permeates the entire FAC and is a sufficient basis for dismissal. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming a district court's dismissal of an entire complaint that made "everyone did everything allegations" without leave to amend because "[t]he district court made clear . . . that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and plaintiffs failed to do so); *see also Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840–841 (9th Cir. 2000) (affirming dismissal of a complaint with prejudice where the complaint failed to include short and plain statement of claim of each of the 51 plaintiffs and failed to state each plaintiff's claim in separate count).

County Defendants correctly argue Plaintiff fails to "specifically assert which [D]efendant(s) committed which alleged act(s)." (ECF No. 6 at 7.) The FAC names 22 different Defendants: a municipality, a company, and 20 individuals. (ECF No. 1 at 5–6.) However, in every cause of action, Plaintiff refers to the alleged violators collectively as "all named Defendants," "[t]he Sheriff Deputy Defendants," "[t]he [Universal] Defendants," "Deputy Defendants," "Defendant Peace Officers," or just "Defendants" without identifying which party did what specifically. (*Id.* at 15–21.) For example, Plaintiff pleads Claim One against "all named Defendants" and generally names "[t]he Sheriff Deputy Defendants" and "[t]he [Universal]

6

Defendants" without alleging which named individuals in the Complaint engaged in which action. (*Id.* at 15.) Plaintiff refers to the parties collectively and fails to make any specific factual allegations as to "how each and every [D]efendant is alleged to have violated plaintiffs' legal rights." *Destfino*, 630 F.3d at 958. In addition, Plaintiff sues Deputies Ballard, Moreno, Mortensen, Padilla, and Weston in their individual capacities and County as a municipality. (*Id.* at 5–6.) However, the entire FAC neither contains specific allegations of liability against any of these Defendants nor mentions these Defendants beyond naming them as parties in the action. (*See* ECF No. 1)

In sum, this is an impermissible shotgun pleading. Plaintiff improperly attempts to assert nearly all of his claims against all Defendants collectively and fails to allege facts specific to each Defendant for each particular claim. As such, the Court DISMISSES the FAC in its entirety but will give Plaintiff an opportunity to amend. *Lopez*, 203 F.3d at 1130. In his amended complaint, Plaintiff should identify which party did what specifically. *See Hughey*, 2014 WL 5473184, at *4; *see also McHenry*, 84 F.3d at 1176 ("[P]laintiffs would be well advised to . . . focus on linking their factual allegations to actual legal claims.").

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS County Defendants' Motion to Dismiss (ECF No. 5), DENIES as moot Universal's Motion to Dismiss (ECF No. 14), and DISMISSES the FAC in its entirety with leave to amend. Plaintiff may file an amended complaint within thirty (30) days of the electronic filing date of this Order. Defendants shall file a responsive pleading twenty-one (21) days after the electronic filing date of the amended complaint.

IT IS SO ORDERED.

**DATED: January 6, 2022**

Troy L. Nunley
United States District Judge